**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON COX,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-1475** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN OF FCI-ALLENWOOD,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' failure to award First Step Act ("FSA") time credits. The petition will be dismissed for failure to exhaust administrative remedies.

### I. BACKGROUND

Petitioner, Jason Cox, is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a federal criminal sentence. (Doc. 1). He filed the instant petition on May 25, 2026, and the court received and docketed his petition on June 1, 2026. (*Id.*) Cox asserts that the BOP is improperly refusing to give him FSA time credits for the period between his arrest and his sentencing. (*Id.*)

Respondent responded to the petition on June 30, 2026, arguing that it should be dismissed for failure to exhaust administratively or alternatively

denied on its merits. (Doc. 7). Cox has not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

## II. DISCUSSION

This case will be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Id.* at 761-62. The BOP has an internal system through which prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §§542.10-.19. The process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the BOP's central office. *Id.* §§542.13-.15. No request is considered fully exhausted until reviewed by the central office. *Id.* §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. *Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

Here, respondent has produced evidence showing that Cox failed to exhaust administrative remedies. (Docs. 7-2, 7-4). He filed an administrative remedy request on November 20, 2024, asserting a claim based on his eligibility for FSA credits. (Doc. 7-2 ¶6). The request was denied on November 27, 2024. (*Id.*) Rather than appealing to the regional director, he appealed directly to the BOP's central office on December 17, 2024. (*Id.* ¶7). His filing was rejected on December 18, 2024, as being filed at the improper level. (*Id.*) Cox did not then file an appeal to the regional director until February 13, 2025. (*Id.*) The appeal to the regional director was rejected as untimely, but Cox was given the opportunity to re-file the appeal with an explanation for the untimeliness. (*Id.*) Cox did not re-file the appeal or

otherwise further pursue the administrative remedy request or related appeals. (*Id.*)

Cox has not responded to this evidence and accordingly fails to rebut the contention that he failed to exhaust administrative remedies, but he argues in his petition that exhaustion should be excused because: (1) "the issue is purely legal"; (2) "administrative remedies would be futile"; and (3) "the BOP's position is fixed and based on policy, rendering exhaustion futile." (Doc. 1 at 3). Cox does not develop or support these arguments beyond these barebones statements.

Cox's arguments are unavailing. First, to the extent he argues that the issue is "purely legal," his petition does not present a question of purely statutory interpretation that could excuse exhaustion. Although his claim requires interpretation of a statute, it also challenges the BOP's specific calculation of his FSA time credits. Second, to the extent he argues that exhaustion would be futile—which the court assumes is a reference to his belief that he would not succeed in his administrative remedy requests—the administrative remedy process is not rendered futile "simply because a prisoner anticipates he will be unsuccessful in his administrative appeals." *Williams v. Warden, Allenwood-Low*, 2024 WL 4204277, at *2 (M.D. Pa. Sept. 16, 2024) (quoting *Ross v. Martinez*, No. 4:09-CV-1770, 2009 WL

4573686, at *3 (M.D. Pa. Dec. 1, 2009))). Finally, Cox has not produced any evidence showing that the BOP has a "fixed" position or that it has a policy to automatically deny administrative remedy requests like his. Dismissal of this case is therefore appropriate because Cox failed to exhaust administrative remedies and he has not provided any valid basis to excuse the failure to exhaust.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 9/17/26
26-1475-01